By the Court:
August W. Bruck brought suit against The Cincinnati Daily Tribune Company for the publication of a libel concerning him in its newspaper. The company plead, by way of counter-claim, that just previous to the libel, the plaintiff, a stockholder of the company, maliciously and without probable cause, commenced a suit against it for dissolution and the appointment of a receiver, on the false averment that it was insolvent. The application was at once heard, denied and the suit dismissed. It is then averred *490 that the suit worked great injury to the credit of the company, prevented a sale of the property then being negotiated, and otherwise greatly embarrassed it in business. Issue having been made up, the case was tried to a jury; and at the close of the defendant’s evidence, the court, on motion of the plaintiff, withdrew from the consideration of the jury, all the evidence offered by the defendant on its counterclaim; but, in its charge, left it to be considered in mitigation of damages.
The ruling of the court presents the question whether the facts pleaded in the answer constitute a counter-claim to that of the plaintiff. If, however, the facts stated constitute a cause of action in favor of the defendant for the recovery of damages against the plaintiff for the malicious prosecution of the suit for the appointment of a receiver, it is very clear that they would constitute a counter-claim in this action. They are connected with the subject of the action; and this is sufficient to warrant their being pleaded as a counter-claim. Section 5072, Revised Statutes; Swan Plead & Prac., 259, note.
The real question is, Do they constitute a cause of action in favor of the defendant against the plaintiff? We think not. It is a well-settled general rule, that no recovery can be had by a defendant against a plaintiff for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property. The cases relied on by the plaintiff in error do not support its claim. That of Coal Co v. Upson, 40 Ohio St., 17, arose from a suit where a temporary injunction had been obtained on false and malicious averments. A temporary injunction imposes a restraint upon the owner over his property, as hurtful to him as if it were in fact seized; and, it war; held, that for the malicious *491 prosecution of such suit, an action would lie. The case of Pope v. Pollock, 46 Ohio St., 367, arose from the malicious prosecution of suits in forcible entry and detainer. Judgments in such suits are not conclusive. The proceeding may be commenced and recommenced without limit, unless enjoined; and hence affords an opportunity for the gratification of malice and oppression; and when this is the case an action may be maintained by the injured party for the recovery of damages. In the above case a suit had been brought and a verdict of not guilty rendered. Another was brought with the same result. A suit for malicious prosecution was then brought and sustained. The case stands upon a clear exception to the general rule. No ground for an exception appears in this case. Had a receiver been appointed and possession taken of the defendant’s property, a different case would have been presented.

Affirmed.